JUDGE OF PROBATE *v.* RUNNELLS, *Ex'x.*

In ordinary cases, when a demand is necessary to be made in order to perfect the cause of action, it must be such that the party on whom it is made may be able, if he sees fit, to comply with it at once. A demand by letter is insufficient.

DEBT, on the bond of Otis G. Hatch, executor of the will of Clara Salvage. The defendant is executrix of the will of John Runnells, who was one of the sureties on the bond. Facts found by the court. By the will of Clara Salvage the executor, Hatch, was appointed trustee, to hold, manage, and use the personal and real estate of the testatrix for the support of Samuel Robertson and Mary S. Robertson, parents of the testatrix, during their lives. Hatch filed the bond in suit as executor, but never filed a bond as trustee. November 3, 1886, on the petition of Samuel and Mary S. Robertson setting forth the neglect of Hatch to file a bond as trustee, Fred Eaton, of Conway, was appointed trustee by the probate court, and this action is brought at his request.

On a settlement of Hatch's administration account there was found due from him to the estate $938.57, which has been demanded and still remains unpaid, and is the sum, with interest, sought to be recovered in this suit. The defendant objects that the action cannot be maintained, because the demand sought to be recovered has never been exhibited to her and payment demanded, as required by Gen. Laws, *c.* 198, *s.* 1.

"Conway, N. H., Dec. 31, 1887.

"Mrs Huldah S. Runnells Ex'x of the will of John Runnells.

"Dear Madam,

"Rev. John Runnells, your testator, was surety on the bond of Otis G. Hatch as exr. of the will of Clara Salvage, and Fred Eaton who has been appointed trustee under and by said will, has an order from the judge of probate for a suit on said bond : and unless the balance in Hatch's hands is paid over to said trustee within a short time, we shall be obliged to sue said Hatch and you as ex'x of the estate of Elder Runnells.

"Yours Res,

"John C. L. Wood Atty"

John C. L. Wood, the attorney, testified,—"I wrote Mrs. Runnells concerning the claim, after that Mr. Josiah Hobbs (deft's attorney) came to see me about it. I told him just the position the case was in. The conversation was at the probate court. He said, ' I understand you have written Mrs. Runnells in regard to a claim you have against her. What is it ? ' I told him Otis G. Hatch had settled his account, and there was between nine and ten

hundred dollars due the estate, and we should bring suit upon the bond if it was not settled. That was the last I heard of the matter until the writ was served Jan. 29, 1889."

*J. C. L. Wood*, for the plaintiff.

*E. A. & C. B. Hibbard* and *Josiah H. Hobbs*, for the defendant.

BLODGETT, J. If the presentation of the claim sought to be recovered may be regarded as a sufficient exhibition of it to the defendant, within the statutory requirement as interpreted in *Little* v. *Little*, 36 N. H. 224, there can nevertheless be no recovery against her in this proceeding, for want of compliance with the additional requirement of a legal demand of payment (G. L., *c.* 198, *s.* 1), which is personal in its nature, and must be made in such a way that the party upon whom it is made may immediately discharge himself by complying therewith. "In all ordinary cases," as is said in *Whittier* v. *Johnson*, 38 N. H. 164, "when a demand is necessary to be made in order to perfect a cause of action, it must be such that the party upon whom it is made may be able, if he sees fit, to comply with it at once. The person in whom the right to make the demand exists must be present, either himself or by his agent or attorney, and ready to accept what is called for." To the same effect is *Phelps* v. *Gilchrist*, 28 N. H. 266 (affirmed in *Sanborn* v. *Buswell*, 51 N. H. 573), where it is further said ( *p.* 277) that "any mode of making the demand which precludes the party from availing himself of these rights is clearly insufficient;" and the same general rule is laid down in 3 Phil. Ev. (6th Am. ed.) 448. A demand by letter is therefore not sufficient, and much less if, as in this case, the amount demanded is not stated; nor was even this defect remedied by the subsequent verbal statement to the defendant's attorney, that the amount was "between nine and ten hundred dollars." To put the defendant on track of information was not enough. She was entitled to a specific demand with which she might immediately comply.

*Judgment for the defendant.*

CLARK, J., did not sit: the others concurred.