SENECA N. SMITH *vs.* TOWN COUNCIL OF THE TOWN OF BURRILLVILLE.

A return to a common law writ of *certiorari* is not defective because it does not set out the evidence upon which the judgment or finding complained of was based.

The purpose of *certiorari* is to correct errors of law, not to review findings of fact; and the proper practice is not to send up the evidence adduced before the inferior tribunal.

CERTIORARI.

*April* 9, 1895. TILLINGHAST, J. The only question presented for decision in this case is whether the return to a common law writ of *certiorari* should set out the evidence upon which the judgment or finding complained of was based. This question was practically answered in the negative by this court in the case of *Moroney* v. *City Council of Pawtucket*, decided at the present session, (*ante*, p. 2) in which case it was held that *certiorari* brings up nothing for review except the record proper of the proceeding, of which the evidence before the tribunal below, strictly speaking, forms no part and which it is, therefore, under no obligation to send up as a part of the record. And while we are aware that there are cases which hold to the contrary, yet we think the decided preponderance of the authorities supports the position taken in that case. In addition to cases cited in

*Moroney* v. *City Council of Pawtucket, supra,* see *In re Carlson,* 18 Atl. Rep. 8 ; Harris on Certiorari, § 12, and cases cited in note 8 ; also § 45 ; *Hayward, Petitioner,* 10 Pick. 358 ; *Stratton* v. *Commonwealth,* 10 Met. 217 ; *Power Co.* v. *Commissioners,* 112 Mass. 206 ; *Miller* v. *McCullough,* 21 Ark. 426 ; *Stone* v. *Mayor and Aldermen of New York,* 25 Wend. 164–185, and cases cited ; *Morewood* v. *Hollister,* 2 Seld. 309 ; *Rose* v. *Ellsworth,* 49 Me. 417 ; *Whittaker* v. *Village of Venice,* 150 Ill. 195.

The practice in this State, so far as we are aware, except in the case of *Moroney* v. *City Council of Pawtucket, supra,* has always been to send up nothing but the record proper, by way of a return to the writ.   It is true, that in determining whether or not the writ should issue in a given case, this court has examined the allegations of the petitioner, regarding the proceedings below, which allegations have sometimes contained a statement of the evidence submitted, or an abstract thereof.

Thus in *Rodden* v. *License Commissioners,* 21 Atl. Rep. 1020, and in *Keenan* v. *Goodwin,* 17 R. I. 649, cited by petitioner's counsel, the petitioners respectively presented, as a part of their allegations, the evidence or an abstract thereof for the purpose of showing that certain errors of law were committed by the tribunal below.   In the former case the question raised was whether the allegations as thus presented by the petitioner showed that the license commissioners were authorized to infer that the petitioner, the licensee, had permitted his premises to be used in violation of law by the sale of intoxicating liquor therein on Sunday.   The petitioner contended that they were not so authorized because he alleged that no direct evidence was offered connecting him with such sales.   As it did appear, however, from his said allegations that the premises were in fact used on two successive Sundays for the illegal sale of liquor, and as there was nothing to show, and no reason to believe, that the store had been twice broken into and unlawfully used by a trespasser in a manner so open and liable to detection, we held that the inference of guilt which the commissioners drew

from such evidence was not so unwarrantable as to become an error of law ; and that therefore upon petitioner's own showing no case was made out for the issuing of the writ. We also expressly held in that case that "the purpose of *certiorari* is to correct errors of law, and not to review findings of fact."

In the case of *Keenan* v. *Goodwin*, which came before us in the same way, numerous causes of error were assigned by the petitioner, prominent among which were the admission of irrelevant and incompetent evidence on the one side, and the exclusion of that which was competent on the other, the petition alleging that objections were taken by the petitioner to the rulings thereon, thereby raising questions of law which we were asked to consider and which we did consider for the purpose of determining whether the writ should issue. This, however, was not reviewing the evidence but simply examining the grounds upon which the petition was based.

In the latter case, also, we held that the petitioner was not, upon his own showing, entitled to the writ. We did not decide in either of said cases, however, nor has it ever been held by this court, so far as we are aware, that the evidence offered below was or could properly be made, any part of the record, or that it is the duty of the tribunal before whom the proceedings are instituted to send it up. And, moreover, no question was raised in either of said cases as to the propriety of the court's considering the petitioner's allegations so made as aforesaid for the purposes mentioned. See *Haven* v. *County Commissioners*, 155 Mass. 468. In *Lonsdale Co.* v. *License Commissioners*, 18 R. I. 5, and in all the other cases which we have been able to find upon the files, but which are not reported, in which the writ was issued, the evidence was not sent up with the record. And we are of the opinion that as *certiorari* does not serve the purpose of an appeal or bill of exceptions and does not involve the investigation of facts not appearing upon the record, unless they are jurisdictional, the proper practice is not to send up the evidence adduced before the inferior tribunal. *Commissioners* v. *Supervisors*, 27 Ill. 143. Indeed, there being no provision of law which

requires such tribunal to have the evidence submitted to them reduced to writing, nor any provision by which they could be compensated therefor if they should, it would seem to be imposing an unwarrantable duty upon them to require them to do so.

If it is desired to enlarge the scope of the common law proceedings so as to make it serve the purposes of a bill of exceptions or of a petition for a new trial and thereby confer upon this court jurisdiction to correct errors of law and also to review findings of fact, thus necessitating the sending up of the evidence, it is of course competent for the General Assembly to provide therefor by statute, as has already been done in many of our sister States. This would secure uniformity of practice and prevent the possibility of any such arbitrary proceedings on the part of inferior tribunals, as are suggested by counsel for the petitioner. But until some such statute shall have been enacted we must limit the proceeding to its common law functions.

In the case at bar the record which is made a part of the case by agreement of parties, shows that the petitioner was fully and properly informed of the charges against him; that he was notified of the time and place appointed for hearing of the same, and that sworn testimony was submitted in support thereof. And it is therefore to be presumed that he had a full and fair trial, and that the evidence produced warranted the action of the defendant Town Council in revoking his license. See *Kenney* v. *State,* 5 R. I. 385 ; *State* v. *Board of Aldermen of Newport,* 18 R. I. 381 ; *McGale* v. *McGale,* 18 R. I. 675 ; *In re Gross,* 29 Atl. Rep. 25.

We therefore decide that the return made by the defendant Town Council in response to the citation, which return by agreement of the parties has been treated as a return proper, is not defective by reason of its failure to set forth the evidence submitted ; and, no other objection having been made to the proceeding, that the petition must be dismissed.

*Petition dismissed.*

*George J. West,* for petitioner.

*Samuel S. Stone & Edward F. Lovejoy,* for respondent.