JOHN O'BRIEN *vs.* THE MAYOR AND BOARD OF ALDERMEN OF THE CITY OF PAWTUCKET.

PROVIDENCE—APRIL 23, 1897.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

The purpose of certiorari is to correct errors of law, and not to review findings of fact.

An applicant for a writ of certiorari averred that the lower court admitted hear_say evidence adverse to him, and against his protest ; the return to the writ, while not admitting the averment, showed that other testimony was offered at the trial below :—

*Held*, no question of jurisdiction being raised, that it was to be presumed that the evidence offered below was sufficient to warrant the action, and that that action could not be reviewed.

PETITION for writ of certiorari.

PER CURIAM. The petitioner alleges that the respondents

permitted hearsay testimony to be introduced at the trial of the charges of misconduct preferred against him in his capacity as a police officer of the city of Pawtucket, and he therefore alleges that the proceeding against him was illegal, and prays that it may be quashed.

The return to the writ, which has been issued, shows that the charges were duly preferred in writing, that they were first investigated by the committee on police and licenses, of the board of aldermen, which committee reported that said charges and the evidence thereof were of a character which called for an investigation by the entire board, and thereupon the matter was duly referred to said board. It also appears that, after due notice of said charges and of the time and place fixed for the hearing thereof, a trial was had, that sworn testimony was adduced on both sides, the petitioner being present with counsel, and that the board of aldermen after said hearing duly adjudged that said charges were proved, and thereupon voted that he be dismissed from office. And while it does appear from said return that hearsay testimony was introduced against the protest of petitioner, yet it also appears that other testimony was offered, so that, even admitting that the hearsay testimony was not legally admissible, as it clearly was not, yet it does not appear from the record that no competent testimony was introduced. Moreover, as this court has repeatedly held, the purpose of *certiorari* is to correct errors of law, and not to review findings of fact. *Smith* v. *Town Council of Burrillville*, 19 R. I. 61. And therefore, even if the evidence submitted was before us, which it is not, we could not review the same, no question of jurisdiction being raised. It is to be presumed, therefore, that the evidence offered in support of the charges preferred was sufficient to warrant the action of the board of aldermen in discharging the petitioner. And as said board had full jurisdiction in the premises (Pub. Laws R. I. cap. 603, passed May 28, 1886), this court cannot review their action. *Starr* v. *Trustees of Rochester*, 6 Wend. 564 ; *Hamilton* v. *Harwood*, 113 Ill. 154 ; Ency. Pl. & Pr. vol. 4, 254–5, and cases cited.

The writ is therefore quashed.

*Hugh J. Carroll*, for petitioner.

*James L. Jenks, City Solicitor of Pawtucket*, for respondents.

---

(After the foregoing opinion, the petitioner moved for a reargument on the ground hereinafter stated, and the following additional opinion was given May 29, 1897.)

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

When jurisdiction depends on the finding of a particular alleged fact, the exercise of jurisdiction implies the finding of that fact.

TILLINGHAST, J.   The petitioner moves for a reargument of this case, on the ground that the board of aldermen did not expressly adjudge, before voting to discharge him, that the misconduct with which he was charged was of such a character as to disqualify him for the office which he held.

We do not think this was necessary.   The statute provides that "the members of the paid police department of said city shall not be subject to removal from office at any time except for misconduct or incapacity of such character as the board of aldermen may deem a disqualification for said office, and all such removals shall be by the board of aldermen, upon charges made in writing and of which the officer complained of shall have had notice and an opportunity to be heard thereon."   Pub. Laws R. I. cap. 603, § 1, passed May 28, 1886.   By the vote of the board of aldermen that "the charges against the petitioner are sustained and that he be discharged from his office as police constable," it necessarily follows that, in their judgment, the misconduct with which he was charged was of such a character as to disqualify him for said office.

The misconduct charged against the petitioner was that of entering a saloon where intoxicating drinks were sold— said entrance not being made in the performance of his duty—

and of drinking intoxicating liquor in said saloon.[1]    And the board of aldermen found that the charges were sustained, and thereupon voted that he be discharged from his office as police constable.    It will be observed that said statute does not specify as to the particular cause of removal, nor does it require the board to formally determine that they deem the misconduct charged to be of such a character as to disqualify the person accused for holding the office in question, before voting to discharge him ;  but it leaves it to the discretion of the board to determine what sort of misconduct shall be a sufficient cause for discharge, and, having found him guilty thereof, to discharge him.

It is not contended by the petitioner that the misconduct alleged against him was not of such a character as to disqualify. him for holding the office, but simply that the board did not expressly and formally declare it to be so as the basis of their jurisdiction to discharge him.    But, as said by Durfee, C. J., in *Thornton* v. *Baker*, 15 R. I. 555, "When jurisdiction depends on the finding of a particular alleged fact, the exercise of jurisdiction implies the finding of that fact."

Petition denied.

*Hugh J. Carroll*, for petitioner.

*James L. Jenks, City Solicitor of Pawtucket*, for respondents.

---

[1] Ordinances of the city of Pawtucket, cap. 26, § 6.

"SEC. 6.    The board of aldermen may from time to time make all such rules and regulations as they may deem necessary and expedient relative to the permanent police of the city, their qualifications, deportment, uniform, general and special duties, their privileges, the manner and times of their employment, and may make all other requirements concerning the control and management of this department of the city government which they may judge the interests of the city and the safety and protection of the people and property therein to need."

Article 5 of the rules and regulations adopted under this authority provides that "No member of the department shall, in the station house or elsewhere, while on duty, drink any kind of intoxicating liquor, or, except in the immediate performance of his duty, enter any place where intoxicating drinks are sold or furnished."