Strafford, }
June, 1899. }

| 69 | 582 |
| 71 | 36 |
| 71 | 148 |
| 71 | 250 |
| 69 | 582 |
| 72 | 320 |

### STRAFFORD SAVINGS BANK *v.* CHURCH, *Adm'x.*

Money voluntarily paid by a savings bank to the husband of a deceased depositor, under a mistake of law, cannot be recovered back.

Where a right of action against one to whom a savings bank deposit has been erroneously paid is barred by the statute of limitations, an appearance by his administratrix to defend an action against the bank by the representative of the depositor does not constitute a new promise by the payee's estate to reimburse the defendants, as matter of law.

The demand upon an administrator for the payment of a claim against the intestate, required by P. S., c. 191, s. 1, must be such that the administrator may comply at once, and is not sufficient if made by letter.

ASSUMPSIT. Writ dated August 21, 1893. Pleas, the general issue and the statute of limitations. Facts found by the court. Lydia S. Church died intestate in January, 1876, leaving surviving her a husband and children. She had a deposit in the plaintiffs' bank, which they paid to her husband, Israel P. Church, upon his receipt, immediately after her death. Israel died in January, 1891, and soon afterward the defendant was appointed administratrix of his estate. Administration of the estate of Lydia was first taken out in 1892 by her daughter, Carrie B. Bennett. August 6, 1892, the latter brought an action against the plaintiffs for Lydia's deposit. The plaintiffs sent a letter to the defendant, dated August 8, 1892, which she received, and of which the following is a copy : " A suit has been brought by Carrie B. Bennett, administratrix of Lydia S. Church, against the Strafford Savings Bank, for a sum of money alleged to have been on deposit in said bank in the name of said Lydia S. Church, and paid by the bank after her decease to your late husband. As the estate of which you are ex'x is liable to the bank for whatever may be recovered against them in this action, we notify you that we shall hold you responsible in the matter, so that you may come in and make whatever defence you may be able to, or arrange it as you see fit. Please give the subject your immediate attention." The defendant appeared in the action, and took charge of the defence. The plaintiff therein recovered judgment in May, 1893, which the bank paid May 26. After this the bank's counsel made repeated demands upon the counsel who appeared for the defendant in the action for payment of the judgment, but no demand was made on the defendant personally other than that contained in the letter of August 8. This action was brought to recover the amount thus paid

and interest. Upon these facts it was ruled, subject to the plaintiffs' exception, that the action could not be maintained.

*Daniel Hall* and *Arthur G. Whittemore,* for the plaintiffs.

*William H. Paine* and *Edgerly & Mathews,* for the defendant.

CHASE, J. The payment by the plaintiffs to Israel in 1876 of Lydia's deposit seems to have been made voluntarily. It does not appear that the plaintiffs did not know or had not the means of ascertaining all the facts bearing upon their rights and obligations. They would have learned, upon a slight investigation, that Israel was not the administrator of Lydia's estate. If the payment was occasioned in whole or in part by a mistake, it seems that it must have been a mistake of law rather than of fact. A payment made under such circumstances cannot be recovered back by the payer, although he was under no obligation to make it. *Webber* v. *Aldrich,* 2 N. H. 461; *Bean* v. *Jones,* 8 N. H. 149; *Peterborough* v. *Lancaster,* 14 N. H. 382, 389; *Evans* v. *Gale,* 17 N. H. 573; *Manchester* v. *Burns,* 45 N. H. 482; *Sessions* v. *Meserve,* 46 N. H. 167; *Pearl* v. *Whitehouse,* 52 N. H. 254; *Bradley* v. *Laconia,* 66 N. H. 269.

If the plaintiffs were induced to make the payment by erroneous information in regard to the facts, their cause of action against Israel arose at once, and was barred by the statute of limitations long before this action was begun. P. S., c. 217, s. 3. The appearance of Israel's administratrix in the action brought by Lydia's administratrix against the bank, and the taking charge of its defence, might be evidence of a new promise by Israel's estate to reimburse the bank, but it would not constitute a new promise as a matter of law. The general ruling in favor of the defendant at the trial term is understood to include a finding for the defendant on this point so far as it is material in the decision of the case. In other words, the court at the trial term has drawn the inference, from the foregoing fact and the other facts proved, that there was no new promise by the defendant.

There appears to be still another defect in the plaintiffs' cause of action. By section 1, chapter 191, P. S., it is provided that " no action shall be sustained against an administrator . . . unless the demand has been exhibited to the administrator and payment has been demanded." While the plaintiffs' letter to the defendant of August 8, 1892, may have been, under the circumstances, a sufficient exhibition of their claim to her (*Ayer* v. *Chadwick,* 66 N. H. 385), it was not a sufficient demand. *Judge of Probate* v. *Runnells,* 66 N. H. 271. It is said in this case that the demand required by the statute is " personal in its nature,

and must be made in such a way that the party upon whom it is made may immediately discharge himself by complying therewith"; and accordingly it was held that a demand by letter was not sufficient. The demands made by the plaintiffs' counsel upon the counsel who appeared for the defendant in the action against the bank were equally ineffective in answering the statutory requirement. The defendant's employment of counsel to appear for her in the action did not authorize him to act upon the plaintiffs' demands for the payment of the judgment rendered therein. *White* v. *Hildreth,* 13 N. H. 104. Special authority would be necessary for that purpose, and ordinarily would be accompanied with the furnishing of means to execute it. No such authority was shown. For aught that appears, the defendant may have had the money in readiness to pay the judgment whenever payment was demanded of her, and may have been ignorant of the demands made upon counsel. "She was entitled to a specific demand, with which she might immediately comply." *Judge of Probate* v. *Runnells, supra.*

*Exception overruled.*

PARSONS, and PIKE, JJ., did not sit : the others concurred.