Carroll,    }
March 7, 1902. }

## Ross *v.* Knox, *Ex'r.*

The presentation of an itemized account to an executor by a claimant's attorney, with a mutual understanding that payment is thereby requested, constitutes a legal demand.

The objection that an itemized account exhibited to an executor contains no statement of the total sum claimed is waived unless made at the time of presentation.

In an action by a married woman to recover the amount of a board bill, evidence that her husband paid for groceries and furnished the table, while competent as bearing upon the identity of the real parties to the contract, does not conclusively establish the fact that the plaintiff acted as his agent or servant.

ASSUMPSIT, for board of the defendant's decedent, Edward Knox, and for boarding his horse. Trial at the October term, 1901, of the superior court before *Pike*, J., who found a verdict for the plaintiff and reported that the plaintiff's evidence tended to prove the following facts: In May, 1900, the plaintiff's attorney exhibited and presented to the executor, who was appointed in April, 1900, an itemized account of the plaintiff's claim, intending the executor to understand that payment was thereby requested. The executor so understood. No further formal demand of payment was made. There was evidence of an express agreement between the testator and the plaintiff, made during the latter's coverture, that she should board him at an agreed price per week and should also board his horse. For the board of the horse no price was agreed upon. The plaintiff's husband "paid for the groceries that furnished the table" where Edward boarded. There was no evidence of any agreement between the plaintiff and her husband whether she should or should not pay him for the groceries, or that she had ever paid or intended to pay him therefor. The plaintiff's husband was a witness, and testified that Edward's agreement was with the plaintiff.

The defendant moved for a nonsuit on the ground that the evidence was not sufficient to justify a finding of a demand upon the executor or a contract with the plaintiff. The motion was denied, subject to the defendant's exception.

*Elmer J. Smart*, for the plaintiff.

*Josiah H. Hobbs*, for the defendant.

PARSONS, J.   1.   Upon the evidence the finding of a legal demand upon the executor presents no error of law.   The understanding of the parties that by what was done a demand was made constituted a legal demand.   No particular language was necessary.   The only advantage to be obtained by the use of precise terms is their availability in proof of the mutual understanding of which the case states there was evidence.   *Norris* v. *Morrill,* 40 N. H. 395, 400, 401 ; *Ossipee Mfg. Co.* v. *Canney,* 54 N. H. 295, 314.   A demand by one as agent is sufficient if the agent's authority is not questioned at the time.   *Leach* v. *Noyes,* 45 N. H. 364, 365 ; *Phelps* v. *Gilchrist,* 28 N. H. 266, 276.   The executor when the demand was made had an opportunity to immediately discharge himself by payment to the plaintiff's attorney, as required by the authorities.   *Strafford Savings Bank* v. *Church,* 69 N. H. 582 ; *Judge of Probate* v. *Runnells,* 66 N. H. 271.   It is not to be inferred, as claimed by the defendant from the language of the case, that the bill exhibited to the executor contained no statement of the total sum claimed.

If it did not, an objection on that ground, if of any importance, would be merely to the form in which the claim was presented, which was waived by the absence of objection at the time.   *Tebbetts* v. *Tilton,* 31 N. H. 273, 282.

2.   The plaintiff, though a married woman, was legally competent to make the contract sued upon.   P. S., c. 176, s. 2.   The fact that the husband paid for the groceries that furnished the table was evidence on the question who were the parties to the contract, and as to whether the contract was performed by the plaintiff, *i. e.,* whether the board was furnished by her, or by her husband, or by the two jointly ; but it does not conclusively establish that the services necessarily rendered by some one in transforming groceries into board were not supplied by the plaintiff or at her expense, or that the plaintiff in making the contract, or in rendering or supplying the necessary labor, acted as the agent or servant of her husband.

*Exception overruled.*

All concurred.