**271 A.2d 210.**

FRANK BASSI *et ux. vs.* ZONING BOARD OF REVIEW OF THE
CITY OF PROVIDENCE.

NOVEMBER 19, 1970.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

JOSLIN, J. We review a Superior Court judgment sustaining an August 4, 1969 decision of the Providence Zoning Board of Review granting Charles H. Gagnier an exception authorizing the construction of a 2800-square-foot addition to an existing garage repair shop.

The travel of the case merits recitation. Within the time limits, and in conformity with the procedures established by G. L. 1956, §45-24-20, Frank Bassi and his wife, remonstrants before the zoning board, petitioned this court to review that board's decision. We granted that petition, but before the case could be heard §45-24-20, the controlling statute on judicial review of administrative decisions in zoning matters, was amended by the enactment of P. L. 1969, chap. 239, sec. 48. That amendment substituted the Superior Court for this court as the tribunal having original appellate jurisdiction to review zoning board decisions. After the amendment took effect we directed the parties to show cause why the pending petition should not be remanded to the Superior Court there to be heard pursuant to the provisions of the amended statute. No cause was shown and we remanded the case to the Superior Court to be heard forthwith. 106 R. I. 818, 257 A.2d 788.

As provided by the amended statute, the case was heard in the Superior Court before a trial justice sitting without a jury. In reliance upon the record of the hearing before the zoning board as well as upon additional evidence heard by him, he decided the case favorably to Gagnier and affirmed the zoning board's decision. The Bassis, doubtful of the proper procedure to be followed for obtaining review in this court, claimed an appeal under §9-24-1 as amended by P. L. 1965, chap. 55, sec. 41, now G. L. 1956 (1969 Reenactment §9-24-1), and in addition moved for leave to file a petition for certiorari. We granted their motion and ordered the hearing on certiorari to be consolidated with that on the appeal. Because the method of

reviewing zoning cases in this court under §45-24-20, as amended, was a question of first impression, we also directed the parties to argue the question of how a litigant, dissatisfied with a Superior Court determination of a zoning appeal, might obtain review in this court. 106 R. I. 831-32, 260 A.2d 724.

At the threshold we consider the procedural question. Prior to the 1969 amendment of §45-24-20, the Supreme Court had exclusive and original appellate jurisdiction to review zoning board decisions, and a person aggrieved by the action of a zoning board was entitled as of right to a review by this court on statutory certiorari. *Buckminster* v. *Zoning Board of Review*, 68 R. I. 515, 30 A.2d 104. That procedure was changed by the 1969 amendment. It makes the Superior Court the initial judicial reviewing tribunal, and provides that an appeal from a zoning board decision may be claimed by an aggrieved party by filing of a complaint setting forth his reasons of appeal. Although explicit on the procedures which then follow in that court, the amendatory legislation is silent on whether a party dissatisfied with the disposition there made may obtain review in this court.

In support of their position that they are properly here on appeal, the Bassis argue that the amendment of §9-24-1 was earlier in point of time than the amendment of §45-24-20, that it provided an adequate means for appealing Superior Court adjudications in zoning matters, and that there was, therefore, no reason for the Legislature in amending §45-24-20 to provide what had already been provided for in §9-24-1.

Section 9-24-1 was a part of the substantial amendatory legislation (P. L. 1965, chap. 55) which was enacted in order to make the statutes regulating civil procedure conform to the revised Superior Court Rules of Civil Procedure.

1 Kent, *R. I. Civ. Prac.,* Appendix C, p. 631. That statute provides that:

> "Any party aggrieved by a final judgment, decree or order of the superior court *in any civil action* may within the time prescribed by applicable procedural rules, appeal to the supreme court." (Emphasis supplied).

Whether that language permits appeals from the Superior Court to this court in zoning cases hinges, of course, on whether an appeal to the Superior Court from a zoning board constitutes a "civil action." Nothing in §9-24-1 says that it is. Moreover, the parties have not pointed to, nor have we been able to find, any provision elsewhere in the amendatory legislation, or indeed in the rules themselves, which in any way even remotely suggests that an appeal from a decision of a zoning board to the Superior Court is a *civil action,* or that the detailed appellate procedures spelled out in §9-24-1, are applicable to appeals from zoning board decisions.

We have, then, a situation where the Legislature gave the Superior Court original appellate jurisdiction in zoning matters, but made no provision for its judgments in those matters to be appealed. To thus limit the right of appeal was, of course, within its power. It is, after all, the Legislature which under the constitution has complete control over the distribution of powers among the courts of the state subject only to the provision of Art. XII of amendments to the state constitution which expressly reserves to this court the power to exercise "final revisory and appellate jurisdiction upon all questions of law and equity." *Higgins* v. *Tax Assessors,* 27 R. I. 401, 402-03, 63 A. 34, 34-35. To make effective that revisory and appellate jurisdiction over inferior tribunals, that amendment also gives this court the power to issue prerogative writs. *Higgins* v. *Tax Assessors, supra* at 404, 63 A. at 35.

One of those prerogative writs is certiorari. That writ

in this state is an extraordinary process whose office is not confined to the common-law writ of certiorari, but includes, as well, whatever extension is appropriate to a proper implementation of this court's broad and complete supervisory powers. *Hyde* v. *Superior Court,* 28 R. I. 204, 66 A. 292. Within its purview lies the authority to correct and prevent errors and abuses of inferior tribunals "* * * where no other remedy is expressly provided by law * * *." *Hyde* v. *Superior Court, supra* at 211, 66 A. at 295. That function is appropriate in this case where we have an alleged abuse or error which, in the absence of an express method for obtaining review, might otherwise be perpetuated.

We hold, then, that one challenging the exercise of jurisdiction by the Superior Court in a zoning appeal case, although not entitled as of right to appeal to this court, may nonetheless obtain review here by moving for leave to file a petition for a prerogative writ of certiorari.

Turning from the procedural to the substantive, we look, as customarily we do in certiorari, to the record in order to determine whether the Superior Court, the tribunal whose adjudication we now review, acted without or in excess of its jurisdiction. *Rogers* v. *Rogers,* 98 R. I. 263, 201 A.2d 140; *Malinou* v. *Cairns,* 94 R. I. 279, 180 A.2d 446; *White* v. *White,* 70 R. I. 48, 36 A.2d 661; *State* v. *Coleman,* 58 R. I. 6, 190 A. 791.

That record, while reasonably complete, does not include a transcript of the evidence presented in the Superior Court, even though an express mandate of our writ directed that a full and complete record inclusive of a transcript of the Superior Court proceedings be certified to us. The omission of that transcript was previously called to our attention by the zoning board which moved to dismiss the writ on the ground it had not been included in the Superior Court certification. In response to that motion the remonstrants represented that the posture in which the case was here

made a transcript unnecessary, and in reliance upon their assurance we denied the motion to dismiss. Now, however, after examining the briefs and after hearing arguments of counsel, it appears that the remonstrants' assurance must be discounted. It now seems that the very essence of the case is whether the applicant established his entitlement to an exception. Whether he did may, indeed, in large measure turn on the evidence heard in the Superior Court.

While in this case we insist that the return include a transcript of the proceedings in the Superior Court there may, of course, be cases where that will not be required.[1] In a zoning context an example would be where the return discloses that the advertisement published for the purpose of giving the public notice of a pending application for zoning relief has not complied with the statutory requirements. *Mello* v. *Board of Review,* 94 R. I. 43, 177 A.2d 533. More often than not, however, the decisive question in zoning cases will be the existence or nonexistence of some competent evidence to support the adjudication. When that is so, as it apparently is in this case, a statement of what that evidence consisted of will be a prerequisite to review in this court.

The principle that the record should customarily include what was said by those who testified or spoke at the hearing on the application for relief was recognized in one of our early zoning cases. *Robinson* v. *Town Council,* 60 R. I. 422, 199 A. 308. In that case we held that a proper return by a zoning board should, at least, include a fair report or a reasonably accurate summary of the oral testimony of the facts brought before the zoning board, or otherwise

---

[1]Prior to the decision in *Hyde* v. *Superior Court, supra,* p. 5, the office of certiorari was much more restricted than it has since been and the previous practice did not call for the return to include a transcript of the evidence. *Smith* v. *Town Council,* 19 R. I. 61, 31 A. 578.

known to it, and upon which it based its decision. While the fact that the services of one who could prepare a transcript were not always available at a zoning board hearing dictated that *Robinson* be read as permitting something less than a stenographic record, *Jacques* v. *Zoning Board of Review*, 64 R. I. 284, 288, 12 A.2d 222, 224, the rationale underlying *Jacques* does not obtain where the proceedings are in the Superior Court. In that court there are available competent shorthand writers and stenotypists who record the proceedings and, if called upon, will transcribe what they recorded. Accordingly, one who applies to us for certiorari in a zoning case, except in a rare instance as in *Mello, supra,* would be well advised to see to it that the record includes a stenographic transcript of the proceedings. See *DiDonato* v. *Zoning Board of Review,* 104 R. I. 158, 242 A.2d 416; *Coupe* v. *Zoning Board of Review,* 104 R. I. 58, 241 A.2d 821.

The appeal is denied and dismissed pro forma. The petition for certiorari is denied without prejudice to the right of the petitioners to reapply, and the records certified are ordered returned to the Superior Court with our decision endorsed thereon.

*Anthony B. Sciarretta,* for appellants.

*Edward F. Malloy,* Assistant City Solicitor, for appellees. *McGee & Gifford, Seth K. Gifford, Thomas F. Farrelly* (for Charles H. Gagnier).