276 A.2d 283.

HORACE M. THIBODEAU *et al. vs.* ZONING BOARD OF REVIEW OF THE CITY OF CENTRAL FALLS and ST. MATTHEW'S CHURCH.

APRIL 15, 1971.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PER CURIAM. These proceedings arise out of an application for an exception or variance under the zoning ordinance of the City of Central Falls. It was made by St. Matthew's Church, owner of the land for which relief was sought.

The Board granted relief from lot and side yard requirements of the ordinance on their finding that a denial would result in unnecessary hardship. From this decision Horace M. Thibodeau and other remonstrants appealed to the Superior Court pursuant to the provisions of P. L. 1969, chap. 239, sec. 48, now G. L. 1956, chap. 24 of title 45, as amended.

After the appeal to the Superior Court had been argued to, and the record certified by the Board considered by a justice of that court, he found the record compiled before the Board to be insufficient on the issue of unnecessary hardship and ordered the cause remanded to the respondent Board for the purpose of taking evidence on that issue.

From the entry of that order, remonstrants claimed an appeal to this court.

In *Bassi* v. *Zoning Board of Review*, 107 R. I. 702, 271 A.2d 210, we held that one seeking appellate review of a Superior Court decision in a zoning case is not entitled to such review by way of appeal as a matter of right. Rather, we held, review in this court may be had, if at all, by recourse to the prerogative writ of certiorari.

Strict adherence to our holding in *Bassi*, therefore, would call for a pro forma dismissal of the instant appeal. However, our decision in *Bassi* was not filed until November 19, 1970, and the instant appeal was claimed on June 17, 1970, five months prior to the filing of our decision filed in *Bassi*. Furthermore, the purported instant appeal only challenges the jurisdiction of a Superior Court justice to remand, sua sponte, for the taking of further evidence in the matter.

Because of these two factors, namely the claim of appeal being prior in time to our holding in *Bassi* and the narrow jurisdictional questions involved in said appeal, we concluded that it was both desirable and advisable to treat the instant appeal as a petition for the prerogative writ of certiorari.

So postured, remonstrants contend that by virtue of the language employed by the Legislature in enacting P. L. 1969, chap. 239, sec. 48, now §45-24-20, as amended, the Superior Court's jurisdiction to remand an appeal to the zoning board from which such appeal was taken is limited to instances where such remand is requested by either of the parties prior to the date of assignment. The specific language relied on as contained in the second paragraph of said section is as follows:

"If, before the date set for hearing in the superior court, application is made to the court for leave to present additional evidence before the zoning board

and it is shown to the satisfaction of the court that the additional evidence is material and that there were good reasons for the failure to present it at the hearing before the zoning board, the court may order that the additional evidence be taken before the zoning board upon conditions determined by the court. The zoning board may modify its findings and decision by reason of such additional evidence and shall file that evidence and any modifications, new findings or decisions with the superior court."

However, a literal reading of the fourth paragraph of such cited section clearly discloses the Legislature's intent to vest the Superior Court with jurisdiction to remand on its own initiative after consideration of the record as certified. This paragraph provides:

"The court shall not substitute its judgment for that of the zoning board as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions * * *."

We hold, therefore, that the remand by the Superior Court justice in the case at bar was in accordance with the last-quoted provision of §45-24-20, as amended, and as such was a valid exercise of the jurisdiction conferred by the Legislature. It follows that remonstrants' contention to the contrary is without merit and the papers in the case are ordered returned to the Superior Court for remand by that court to the respondent Board of review for the taking of evidence in accordance with the order of the Superior Court. Moreover to the end that all hearings held by a zoning board, subsequent to a remand by the Superior Court, shall be conducted with the interest of the parties involved in mind, we direct that in the instant case, and in all subsequent cases, the remand hearing

shall be conducted in the manner and subject to the notice requirements of §45-24-18.

*Louis E. Azar,* for plaintiffs-appellants.

*Luc R. LaBrosse,* City Solicitor, *Gerard A. Cadorette,* for St. Matthew's Church, defendants-appellees.