293 A.2d 520.

FRANCIS D. FOX *et ux. vs.* JOHN H. NORBERG,
*Tax Administrator.*

JULY 25, 1972.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J.  In April 1970 the plaintiffs, husband and wife, filed a joint annual investment tax return for 1969 pursuant to the provisions of the investment tax statute, G. L. 1956 (1970 Reenactment) ch. 28 of title 44, as enacted by P. L. 1969, ch. 197, art. 1, sec. 1, and paid the tax due under protest.  In the same month they filed with the defendant tax administrator a statutory petition for refund of the tax paid on the ground that the investment tax statute was unconstitutional.  They filed the petition for refund pursuant to §44-28-29 of the investment tax statute.  By letter dated August 7, 1970, defendant notified plaintiffs that he had denied their petition for refund because he lacked power to pass on the constitutionality of the statute.

On September 15, 1970, plaintiffs filed the instant petition in the Superior Court for judicial determination of defendant's decision.  They expressly allege therein that they brought this petition for a judicial determination of their investment tax liabilities pursuant to the provisions of §44-28-30 of the investment tax statute.

Section 44-28-30, insofar as pertinent here, reads as follows:

(a) "Any taxpayer aggrieved by the decision of the tax administrator or his designated hearing officer as to

his investment tax may within ninety (90) days after notice of the decision is sent to him by certified or registered mail, directed to his last known address, petition the superior court for the counties of Providence and Bristol setting forth the reasons why such decision is alleged to be erroneous and praying relief therefrom.

(b) "The review of a decision of the tax administrator provided by this section shall be the exclusive remedy available to any taxpayer for the judicial determination of the liability of the taxpayer for investment tax."

The plaintiffs prayed for a judgment declaring the investment tax statute to be null and void and for an order directing defendant to refund all investment tax payments made by them. While the petition was pending in the Superior Court plaintiffs filed a stipulation waiving their right to a hearing within the division of taxation.

The case was heard before a justice of the Superior Court on motions for summary judgments by both parties. He rendered a decision in which he found that plaintiffs had not sustained their burden of proving the statute unconstitutional beyond a reasonable doubt. He also found that there was no issue as to any material fact and, after noting that the tax administrator admitted that there was an actual overpayment of $18.08, he denied defendant's motion for summary judgment and granted plaintiffs' motion for summary judgment in the amount of $18.08 only. Judgment[1] entered and plaintiffs thereupon filed an appeal to

---

[1]The judgment contains the following orders:

"1. That petitioners' prayer to declare Chapter 28 of Title 44 of the General Laws of Rhode Island, 1956, as amended, null, void and of no effect is denied.

"2. That respondent's motion for summary judgment is denied.

"3. That the petitioners' motion for summary judgment is granted; that petitioners recover of respondent the amount of the admitted overpayment of $18.08, interest and their costs of action."

this court under G. L. 1956 (1969 Reenactment) §9-24-1.

After the papers were filed here, defendant filed a motion to dismiss plaintiffs' appeal on the ground that

> "Appeal does not lie from a judgment on a petition filed under Sections 44-28-30 and 44-35-15 [sic] [42-35-15], General Laws of Rhode Island, 1956, as amended."

After considering the opposing memoranda filed by the parties we entered an order denying defendant's motion to dismiss plaintiffs' appeal without prejudice to defendant's right to raise this issue at the hearing on the merits.

In its brief, and at the oral argument before us on the merits, defendant again renewed his motion to dismiss this appeal. Because we conclude that there is merit to his motion and that our determination thereof is dispositive of this appeal, we shall limit our discussion to that issue. In the circumstances we do not reach and therefore do not decide the merits of plaintiffs' appeal.

Initially we address ourselves to plaintiffs' argument that defendant cannot raise this jurisdictional question here for the first time, and that he has no standing to move this court to dismiss the appeal because he has failed to comply with Rule 16(c) of our rules. This argument is without merit. Since the question involved is jurisdictional, we can raise the issue ourselves.

It is clear from this record that the petition for judicial review by the Superior Court of the tax administrator's decision was brought under §44-28-30 of the investment tax statute and not under §42-35-15 of the Administrative Procedures Act. The plaintiffs concede that the petition was brought under §44-28-30, but they argue that since the investment tax statute is silent as to review of the Superior Court judgment by this court, the proper method is by an appeal under G. L. 1956 (1969 Reenactment) §9-

24-1,[2] and Super. R. Civ. P. 73 and 75. The defendant, on the contrary, maintains that the proper vehicle for review by this court of a judgment entered in a proceeding brought under the provisions of §44-28-30 is by a petition for certiorari as prescribed in §42-35-16, of the Administrative Procedures Act. The parties have called to our attention several cases[3] involving the Administrative Procedures Act. However, on the view we take, these cases are not apposite here and therefore require no discussion.

Section 42-35-16, in pertinent part, reads as follows:

> "Review by supreme court.—Any party in interest, if aggrieved by a final judgment of the superior court rendered in proceedings brought under §42-35-15, may, within seven (7) days from the date of entry of such judgment, petition the supreme court of the state of Rhode Island for a writ of certiorari to review any questions of law involved."

As stated above, the petition for review by the Superior Court was brought under §44-28-30 of the investment tax statute and not under §42-35-15 of the Administrative Procedures Act. Section 42-35-16 expressly states that it applies to proceedings brought under §42-35-15. It is clear from the language of the statute that review under the procedure prescribed in §42-35-16 is not applicable here.

---

[2]Section 9-24-1 reads as follows:

"Filing of appeal in civil cases.—Any party aggrieved by a final judgment, decree, or order of the superior court in any civil action, may, within the time prescribed by applicable procedural rules, appeal to the supreme court. Subject to the provisions of applicable procedural rules, such appeal shall be taken by filing a claim of appeal in the office of the clerk of the court from which the appeal is taken."

[3]The cases cited are *Colonial Hilton Inns of New England, Inc.* v. *Rego*, 109 R. I. 259, 284 A.2d 69 (1971); *Portsmouth Education Ass'n* v. *Rhode Island Labor Relations Board*, 108 R. I. 342, 275 A.2d 280 (1971); *Newport National Bank* v. *Providence Institution for Savings*, 101 R. I. 614, 226 A.2d 137 (1967); and *Langton* v. *Brady Electric Co.*, 100 R. I. 366, 216 A.2d 134 (1966).

The question remains whether an appeal under §9-24-1 is the proper vehicle for review in this court of a judgment entered in the Superior Court pursuant to §44-28-30. We hold that it is not.

Section 9-24-1 is the statute which governs appeals in civil actions from judgments, orders or decrees of the Superior Court to this court. It is a statute of general application in civil actions. As pointed out in *Bassi* v. *Zoning Board of Review,* 107 R. I. 702, 704, 271 A.2d 210, 212 (1970), it was amended in 1965 by P. L. 1965, ch. 55, which was enacted in order to make the statutes regulating civil procedure conform to the revised Superior Court Rules of Civil Procedure. Section 9-24-1 and Super. R. Civ. P. 73 prescribe the procedures for prosecuting appeals from the Superior Court to the Supreme Court.

The investment tax statute, as stated above, was enacted in 1969. Section 44-28-29 provides for the filing of petitions for refunds with the tax administrator. Section 44-28-30(a) provides for judicial review by the Superior Court for any taxpayer aggrieved by a decision of the tax administrator and §44-28-30(b) provides that such judicial review is the exclusive remedy available to any taxpayer for the judicial determination of the liability of the taxpayer for investment tax.

Thus we have a situation where the Legislature, acting within its power, gave the Superior Court original appellate jurisdiction in cases where a taxpayer is aggrieved by the decision of the tax administrator but made no provision for further appellate review of the Superior Court's judgments in such cases. See *Bassi* v. *Zoning Board of Review, supra.* Indeed the Legislature expressly provided that the judicial review provided in §44-28-30(a) would be the exclusive remedy available. The Legislature's power to limit the right of appeal, subject to the power of this court, under art. XII of amendments to the state consti-

tution, to review by certiorari actions of lower tribunals is unquestioned. *Bassi* v. *Zoning Board of Review, supra.*

We are convinced that the language of §44-28-30(a) and (b) evidences a clear legislative intent to have §44-28-30(a) and (b), which is later in time and specific in language, supersede §9-24-1, as amended, with respect to appeals to this court from judgments entered in the Superior Court in investment tax cases. As we have pointed out above, §9-24-1 is not only earlier in time, but also general in language.

We hold therefore that judicial review of a decision of the tax administrator by the Superior Court is the exclusive remedy available to a taxpayer as of right in cases involving the investment tax statute; that an appeal under §9-24-1 is not the proper vehicle for review in this court; and that one challenging the validity of a judgment of the Superior Court in a case such as this, although not entitled as of right, may obtain review by moving for leave to file a petition for a writ of certiorari.

For the reasons stated, the defendant's motion to dismiss the plaintiffs' appeal is granted, and the papers are ordered returned to the Superior Court.

Motion to reargue denied.

*Francis D. Fox,* for plaintiffs.

*Richard J. Israel,* Attorney General, *Alexander G. Teitz,* Special Asst. Attorney General, *Perry Shatkin,* Legal Officer, Division of Taxation, for defendant.