[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This is an appeal from a final decision of the Rhode Island Department of Human Services. Jurisdiction in this Superior Court is provided for in § 42-35-15 R.I.G.L.
The plaintiff's complaint asserts that she is aggrieved by a final decision of the Department of Human Services made on April1, 1993. Her appeal was filed in this Superior Court on May 3,1993. (See attached) It was not timely filed within the thirty days required by § 42-35-15. That filing time requirement is jurisdictional. See, e.g. Mauricio v. Zoning Board of Review,590 A.2d 879 (1991); East Greenwich Yacht Club v. CoastalResources Management Council, 118 R.I. 559, 567-568 (1977);Wood, Director v. Department of Environmental Management,525 A.2d 901 (1987).
In this case, this Court has taken judicial notice of the fact that May 2, 1993 was a Sunday. Rule 6. R.C.P. does provide that when the last day of a required filing period falls on a Sunday, the filing period runs until the end of the next day which is neither a Sunday or a holiday. Unfortunately, that Rule is of no assistance to the plaintiff because (1) the "within 30 days" appeal period expired on May 1, which was a Saturday, and (2) Rule 6, R.C.P. does not apply to appellate proceedings such as concerned here, but only to civil actions. Mauricio v. ZoningBoard of Review, 590 A.2d 879, 880 (R.I. 1991). Administrative appeals are not considered to be civil actions as contemplated byRule 6, R.C.P. Blackstone Park Improvement Assoc. v. StateBoard of Standards and Appeals, 448 A.2d 1233, 1241 footnote 6
(R.I. 1982); Notre Dame Cemetery v. Labor Relations Board,118 R.I. 336, 339 (1977); Cf. Bassi v. Zoning Board of Review,
107 R.I. 703 [107 R.I. 702], 705 (1970).
Accordingly, the plaintiff's appeal is dismissed because of lack of jurisdiction, the appeal time having expired prior to the filing of her complaint.
COMPLAINT
Plaintiff Ricci seeks judicial review of a final agency decision.
1. Plaintiff Dianne Ricci is an adult resident of Rhode Island who lives at 30 Ascension Street in Woonsocket.
2. Defendant Department of Human Services (DHS) is a state agency subject to the Requirements of R.I.G.L. 40-6-1 et seq. and the Administrative Procedures Act, R.I.G.L. 42-35-1 et seq.
3. Review is authorizedy [authorized] by R.I.G.L. 42-35-15.
4. Plaintiff Ricci had been receiving GPA benefits, due to incapacity, since approximately January 1992.
5. In December 1992 DHS began reviewing her case to determine whether she could continue to receive GPA. DHS determined that Plaintiff had received GPA benefits for six out of the past twelve months, and could not continue to receive GPA benefits because she did not have a disability qualifying her for federal SSI benefits.
6. Plaintiff appealed, and an agency hearing was held. On April 1, 1993 DHS issued a final agency decision finding that the decision to discontinue GPA benefits was correct.
7. Plaintiff is aggrieved by DHS' decision, on grounds that: