GEORGE RAO *vs.* JAMES LOMBARDI *et ux.*

NOVEMBER 4, 1963.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

Condon, C. J.   This is an action of assumpsit in which the defendants moved in the superior court for judgment on the pleadings.   The case is here on their bill of exceptions to the denial of such motion.

The pleadings were in the following posture when the motion was made.   The defendants originally pleaded non assumpsit, but before trial could be had on that issue they were allowed to file a further plea of puis darrein continuance.   They alleged therein that plaintiff's cause of action was res judicata by reason of a final decree in an equity suit which was adverse to his present claim and from which he failed to appeal.   In his replication plaintiff alleged that such plea was insufficient.   Thereupon defendants moved to dismiss his action for lack of prosecution or for judgment on the pleadings.

The trial justice held that the motion in either aspect was addressed to his discretion and denied it on that ground.   The defendants concede that as to dismissal the motion was discretionary but not so as to judgment on the pleadings.   For this reason they argue that they are properly here by bill of exceptions and that we should sustain their exception, reverse the trial justice's decision for error and order entry of judgment in their favor.   On the other hand, plain-

tiff argues that the trial justice's decision was not a final decision to which an exception would properly lie and therefore the bill of exceptions should be dismissed.

A motion for judgment on the pleadings is of common-law origin and the power to grant it has been held to be inherent in every court of record. *Lipski* v. *Schwartz*, 5 Ill. App. 2d 577; *City of Raleigh* v. *Fisher*, 232 N. C. 629; *McIntosh* v. *Foulke*, 360 Mo. 481; *State ex rel. Reiman* v. *Kimmell*, 212 Ind. 639. However, as far as we are aware it has been seldom resorted to in this jurisdiction. Indeed, there is only one case in our reports where the ruling of the superior court on such a motion was reviewed by this court. *Wolf* v. *S. H. Wintman Co.*, 91 R. I. 127, 169 A.2d 903.

In that case we sustained an exception to the granting of the motion by the trial justice and in doing so observed that such a motion was not favored by the courts and that pleadings alleged to be defective would be liberally construed in favor of the pleader. This appears to be the general rule. 71 C.J.S. Pleading §424, p. 861; 41 Am. Jur., Pleading §336, p. 521. It has also been held that such a motion is ordinarily addressed to the court's discretion. *Schnibbe* v. *Glenz*, 245 N. Y. 388; *Stevenson* v. *News Syndicate Co.*, 302 N. Y. 81. It is generally treated as in the nature of a general demurrer which raises an issue of law only. *Wooten* v. *Standard Life & Casualty Ins. Co.*, 239 S. C. 243, 122 S.E.2d 637, 639. In that case the court stated that it was a "drastic procedure" but added, "It is appropriate, where the pleading is fatally deficient in substance, that is where the complaint fails to state a good cause of action in favor of the plaintiff and against the defendant."

In the case at bar, therefore, the denial of defendants' motion left them in precisely the same position they would have been in if they had filed a demurrer to plaintiff's declaration or plea. An overruling of the demurrer would not be a final decision entitling them to a review thereof in this court by bill of exceptions. Generally, under our practice

a bill of exceptions lies only to a final decision on the merits which in due time by operation of law will lead to a final judgment. *Ewing* v. *Tax Assessors,* 90 R. I. 86. Such a decision on the merits means a final determination of the entire case, leaving nothing further to be done for carrying into effect by operation of law the court's determination. *Frigon* v. *Warner,* 80 R. I. 363. We have heretofore held that the overruling of a substantial demurrer to a defendant's pleas to a plaintiff's declaration is not such a final determination. *Troy* v. *Providence Journal Co.,* 43 R. I. 22.

The common-law motion for judgment on the pleadings is akin in some respects to a motion for summary judgment, except that the latter motion is of statutory origin and is available only to a plaintiff. G. L. 1956, §9-7-1. In *Fisher* v. *Sun Underwriters Ins. Co.,* 55 R. I. 175, we held that a decision denying a motion for summary judgment was not a final decision entitling the plaintiff to a review thereof by bill of exceptions. The plaintiff in the case at bar cites *Fisher, supra,* in support of his contention that the decision denying defendants' motion for judgment on the pleadings is not a final decision and therefore not appealable. In other words, while he has not formally moved to dismiss defendants' bill of exceptions we understand his position to be that we should nevertheless dismiss it as premature.

Upon consideration of the nature of the motion as a demurrer and keeping in mind that the denial thereof is in no sense a final determination on the merits within the purview of the above-cited cases, we are of the opinion that the defendants' bill of exceptions is premature.

For the above reason the defendants' bill of exceptions is dismissed and the case, together with the papers in Equity No. 24506 and Civil Action No. 140356 which were certified here by the superior court, is remitted to the superior court for further proceedings.

*Leo M. Cooney,* for plaintiff.

*Fergus J. McOsker,* for defendants.