196 A.2d 834 (1964)
H. Ovide BARIL et al.,
v.
ZONING BOARD OF REVIEW OF the CITY OF WOONSOCKET.
M.P. No. 1541.
Supreme Court of Rhode Island.
January 24, 1964.
Omer A. Sutherland, for petitioners.
Janice Fournier, Asst. City Sol. of City of Woonsocket, A.J. Brosco, Providence, for respondent.
POWERS, Justice.
This petition for certiorari seeks to quash a decision of the respondent zoning board of review which granted exceptions or variations so as to permit the storing of certain equipment on land located in an R-3 residence district zoned for single and two-family dwellings. In response to the writ the respondent board duly certified the pertinent papers to this court.
It appears therefrom that Arthur Cartier and Omer Desjarlais are the owner and lessee respectively of lots 9 and 323 on assessors' plat 44A in the city of Woonsocket. Since 1956 the lessee has used these lots for the storage of trucks, compressor, back-hoe, and other such equipment used by him in the business of general excavation. Until July 1, 1960, the land was zoned for business *835 but effective as of that date was rezoned as R-3.
It is conceded, however, that the use which said lessee makes of the lots was permitted only in an industrial zone and not in a business zone. Why relief was sought after seven years of the use presently being made does not appear from the record.
In any event the owner and lessee joined in making applications under G.L. 1956, § 45-24-13, and chap. 351, sec. 10.33, of the city ordinances, for an exception or variation to each of the lots in question on the ground that by reason of slope, ledge and water the land was unfit for residential use. In the view we take of the board's decision, however, it is not necessary to set forth the provisions of the statute and ordinance on the authority of which relief was sought.
After a hearing on January 14, 1963 the board granted the application for each lot on the ground of hardship.
Although not called to our attention by petitioner, it appears that title to a substantial portion of lot 9 is in dispute. Ronald Piette, who operates a public tavern in the town of Cumberland on property contiguous to the Woonsocket city line, testified that his property extended 85 feet along Mendon road into the area designated as lot 9 and that his claim encompassed some 10,000 square feet. Whether his claim is being litigated within the strict meaning of that word is not made apparent, but it is his uncontradicted testimony that he has referred the question to a title company which, it is reasonable to assume, is endeavoring to establish his title to more than 40 per cent of lot 9.
In our judgment, therefore, the board should have declined to hear the application seeking an exception or variation for lot 9 until it was made to appear that the applicants had an unquestionable legal right in the property. See Tripp v. Zoning Board of Review, 84 R.I. 262, 123 A.2d 144. Manifestly the standing of the lessee in this regard is no greater than that of the one through whom he claims a valid interest.
Moreover, it appears that some sort of a road or way from Mendon road across lot 9 to lot 323 is involved in the use that lessee makes of the two lots. Whether such roadway is within the 85-foot strip does not appear nor, assuming that it is, can it be determined whether an exception would be sought for lot 323 should such prove to be the case.
Again, in the event that the roadway is found to be in the disputed area and in the further event that the dispute were to be resolved against the applicant owner, the board might conceivably take a different view of the application for an exception to lot 323.
We have deemed it advisable to raise this question sua sponte for the reason that no good purpose would be served were we to consider this petition on its merits, only to reach a conclusion which later might conceivably prove to have been unfortunate.
In our judgment, it was therefore improvident for the board to have considered the application for an exception to lot 9, the applicants' status having been placed in doubt on the record. It was likewise incumbent upon the board, before granting an exception or variation for lot 323, to determine the effect, if any, that the circumstances relating to lot 9 had on the companion application. For these reasons we deem it desirable for the board to reconsider the applications consistent with and in the light of the circumstances herein discussed.
The petition for certiorari is granted, the decision of the respondent is quashed, and the pertinent papers certified to this court are ordered returned to the board with instructions to reconsider the applications in accordance with this opinion, reserving to it the right to hear further evidence if it so desires. Jurisdiction for review of the board's subsequent decision is hereby retained in this court.
PAOLINO, J., not participating.