373 A.2d 1194.

## Notre Dame Cemetery vs. Rhode Island State Labor Relations Board.

MAY 26, 1977.

Present: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

PER CURIAM. The plaintiff is an employer who was found by the defendant Rhode Island State Labor Relations Board (the board) to have engaged in unfair labor practices in the firing of two employees for union activities. The discharged employees were given leave to intervene as parties defendant in proceedings before the Superior Court wherein the plaintiff sought to have the board's ruling set aside. The Superior Court Justice affirmed the board's order, and the plaintiff filed a notice of appeal to this court. Subsequently, the parties were directed to appear before us for oral argument on the plaintiff's motion to remand the case to the Superior Court and on the in-

338

tervenors' motion to dismiss the appeal for procedural deficiencies.[1]

The intervenors contend correctly that these proceedings are governed by the Administrative Procedures Act, G.L. 1956 (1969 Reenactment) ch. 35 of title 42, wherein it is provided that review in this court shall be sought solely by petition for a writ of certiorari, it being within our discretion to issue or to withhold the writ, §42-35-16. The normal route of appeal in civil actions is thus unavailable to parties aggrieved by the affirmance of administrative action. This, the intervenors maintain, renders plaintiff's appeal fatally defective. We agree for the reasons set forth in *Portsmouth Educ. Ass'n* v. *Rhode Island State Labor Relations Bd.*, 108 R.I. 342, 275 A.2d 280 (1971).

The plaintiff, however, now argues that its *appeal* is "separate and apart" from the order entered by the court pursuant to the Administrative Procedures Act, in that it is appealing the denial by the trial court of its motion for judgment on the pleadings or in the alternative for summary judgment. Clearly, neither of these motions is applicable in proceedings for judicial review under §42-35-15.[2]

---

[1]We note that the plaintiff's notice of appeal was filed on November 26, 1976, 4 days before judgment was entered on November 30, and that the plaintiff claimed to be appealing from the decision of the trial court rather than from a final judgment. The appeal was therefore premature. *City of Pawtucket* v. *Council #70, AFL-CIO, Local 1012,* 116 R.I. 198, 201, 353 A.2d 607, 609 (1976). In the view we take, however, this procedural defect becomes immaterial since the plaintiff cannot, for other reasons, prevail.

[2]It should be noted that even if these motions had been properly invoked, their denial still would not be appealable because such a denial is in no sense a final determination on the merits. *Berberian* v. *O'Neil,* 111 R.I. 354. 356 n.2, 302 A.2d 301, 302 n.2 (1973); *Balme* v. *Gold-Bro, Inc.,* 108 R.I. 930, 277 A.2d 134 (1971); *Rao* v. *Lombardi,* 96 R.I. 499, 502, 194 A.2d 836, 837 (1963); *Fisher* v. *Sun Underwriters Ins. Co.,* 55 R.I. 175, 186, 179 A. 702, 707 (1935); 1 Kent *R.I. Civ. Prac.* §56.12 (1969).

A plaintiff's motion for judgment on the pleadings under Super. R. Civ. P. 12(c) tests the legal sufficiency of a defendant's answer in a civil action. In a judicial review of the administrative action, which is essentially an appellate proceeding and not a civil action,[3] no responsive pleading need be filed unless required by statute or by order of the court, Super. R. Civ. P. 80(a). In the case at bar none was required and none was filed. Similarly, the motion for summary judgment, appropriate when there is no genuine issue of material fact in a civil action, can play no part in the appellate proceedings involved in judicial review of contested administrative actions.

The intervenors' motion to dismiss the appeal is granted and the plaintiff's motion to remand denied. The appeal of the plaintiff is denied and dismissed, and the order of the Superior Court affirmed.

*Breslin, Sweeney & Gordon, David F. Sweeney,* for plaintiff.

*Abedon, Stanzler, Biener, Skolnik & Lipsey, Richard A. Skolnik,* for Intervenors.

*Vincent F. Kane,* for defendant.

---

Except in rare instances, none of which are applicable here, this court will not engage in piecemeal review of proceedings in the trial courts. *Borland* v. *Dunn,* 113 R.I. 337, 321 A.2d 96 (1974); *Sarni* v. *Meloccaro,* 110 R.I. 566, 294 A.2d 844 (1972).

[3]*Cf. Bassi* v. *Zoning Bd. of Review,* 107 R.I. 702, 271 A.2d 210 (1970) where we said of a similar statute that nothing "even remotely suggests that an appeal from a decision of a zoning board to the Superior Court is a *civil action* * * *." *Id.* at 705, 271 A.2d at 212 (emphasis in original).