CITY OF NEWPORT

v.

Joseph BARBAROW.

No. 80–534–Appeal.

Supreme Court of Rhode Island.

April 9, 1981.

James S. O'Brien, City Sol., Newport, for plaintiff.

Richard P. D'Addario, Newport, for defendant.

OPINION

PER CURIAM.

This matter is before the court on the defendant's motion to dismiss the plaintiff's appeal from a judgment entered in the Superior Court. The Superior Court judgment appealed from dismissed the plaintiff's appeal from an adverse ruling rendered by the Rhode Island Commission for Human Rights.

The sole issue presented by defendant's motion is whether plaintiff's appeal is properly before this court. At oral argument, plaintiff asserted that it is not seeking a review of the proceedings pursuant to the Administrative Procedures Act, rather that it is seeking review of the Superior Court justice's decision pursuant to G.L. 1956 (1979 Reenactment) § 28–5–33, which provides:

"The jurisdiction of the court shall be exclusive and its judgment and order shall be, when necessary, subject to review by the supreme court as provided by law, to which court appeal from such judgment and order may be made as provided by law."

In analyzing this contention, we need look no further than the case of *American International Health Services, Inc. v. Rhode Island Department of Health*, R.I., 401 A.2d 1287 (1979). In that case, an analogous argument was made by a plaintiff who sought, by way of appeal to this court, review of a health department ruling that was upheld by the Superior Court.

There, we held

"that the appeal to the Superior Court from a decision of the Health Department in such cases as here is governed by the provisions of § 23–16–9, [1] and since such section does not provide for direct appeals from the Superior Court decision to this court that the proper vehicle for a review of the decision of the Superior Court is by a petition for certiorari to this court." *Id.* 401 A.2d at 1288 (footnote omitted).

---

1. At the time G.L. 1956 § 23–16–9 provided in pertinent part:

"Any applicant or licensee, or the state acting through the attorney-general, aggrieved by the decision of the licensing agency after a hearing may, within thirty (30) days after the mailing or serving of notice of the determination, as provided in § 23–16–8, file a notice of appeal in the superior court of the county in which the hospital is located or to be located, and serve a copy of the notice of appeal upon the licensing agency."

In the instant case, our review is governed by G.L. 1956 (1979 Reenactment) § 28–5–33; however, such review has been "provided for by law" in G.L. 1956 (1977 Reenactment) § 42–35–16. Because agencies such as this one are not specifically exempted from the Administrative Procedures Act,[2] the sole route for review in such cases is by way of certiorari. *Buffi v. Ferri*, 106 R.I. 349, 259 A.2d 847 (1969); *see also Notre Dame Cemetery v. Rhode Island State Labor Relations Board*, 118 R.I. 336, 373 A.2d 1194 (1977).

Accordingly, because the plaintiff here has not sought the proper avenue for review of the Superior Court's determination, we must grant the defendant's motion to dismiss the plaintiff's appeal.

SHEA, J., did not participate.

[2] For the list of exempted agencies see G.L. 1956 (1977 Reenactment) § 42–35–18.