[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is before the Court on appeal from a decision of the Rhode Island Commission for Human Rights (hereinafter called the "Commission") pursuant to Title 28 Chapter 5 of the Rhode Island General Laws of 1956 as amended and Title 42 Chapter 35 of the Rhode Island General Laws of 1956 as amended. In that decision the Commission dismissed the plaintiff's complaint against the defendant Bruin Plastics Co., Inc. with prejudice.
The plaintiff, George Applebaum, was employed by the defendant Bruin Plastics Co., Inc. as a salaried sales person from February 1981 until he was terminated from his position on June 23, 1984. After his termination he filed a charge with the Commission alleging that he was discriminated against on account of his age in violation of the Fair Employment Practices Act of the State of Rhode Island. In accordance with that act hearings on the complaint were held before Commissioner Cleon E. Harvey on various dates between March of 1986 and July of 1986.
After reviewing the evidence presented at the hearings, the Commission, with the authority granted it under Rhode Island General Laws § 28-5-25, found that the plaintiff had failed to prove by preponderance of the evidence that the defendant, Bruin Plastics Co., Inc., discriminated against him with respect to termination because of his age. Therefore the Commission dismissed plaintiff's complaint with prejudice. In reaching this decision, the Commission initially concluded that the plaintiff had proved a prima facie case of age discrimination. It found that the plaintiff had proven that he was 63 years old when he was terminated,[1] was qualified for his job, the employer accepted his work without express reservation, and that the plaintiff was discharged and his work was assigned to younger men. However, the Commission went on to find that the employer articulated a legitimate nondiscriminatory reason for its actions, namely that the plaintiff had been discharged as a result of absences because of illness and the fact that he was unable to inform the employer when he would be able to return to work.
This Court's review of a decision by the Commission is controlled by § 42-35-15(g) of the R.I.G.L. of 1956 which provides as follows:
 42-35-15. Judicial review of contested cases.
 (g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 (1) In violation of constitutional or statutory provisions;
 (2) In excess of the statutory authority of the agency;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
To overturn the decision of the Commission on factual grounds the plaintiff must establish that the decision is clearly erroneous because the reasons given for the decision and order could not be sustained in view of the reliable, probative evidence on the record as a whole. See, City of Newport v.Barbarow, 427 A.2d 1326 (1981); J.M. Mills, Inc. v. Murphy,116 R.I. 59 at 71, 72. Reviewing the sufficiency of this record, the Court must determine whether there was substantial evidence which reasonably supported the administrative decision. See,Lemoi v. Department of Mental Health and Retardation,113 R.I. 285 (1984); Prete v. Parshley, 99 R.I. 172 (1965). When more that one inference is possible, a reviewing court may not substitute its own judgment for factual determinations made by an administrative agency and must affirm the decision of the agency unless its findings are "clearly erroneous". See, Guarino v.Department of Social Welfare, 410 A.2d 425, 428 (1980);Narragansett Wire Company v. Norberg, 118 R.I. 596, 607 (1977). However, "questions of law are not binding upon the court and may be reviewed to determine what the law is and its applicability to the facts". See, Carmody v. R.I. Conflict of InterestCommission, 509 A.2d 453, 458 (1986); Narragansett WireCompany, supra at 596.
Because the Rhode Island Fair Employment Practices Act is nearly identical in its remedial provision to its federal analog, Title VII of the Federal Civil Rights Act of 1964, our Supreme Court has applied the analytical framework developed in Federal Title VII cases to actions brought pursuant to the Rhode Island statute. See, Marley v. UPS, Inc., 665 F. Supp. 119 (D.R.I. 1987). These Federal Title VII cases which we follow in interpreting our state statute have established the basic allocation of burdens and order of presentation of proof alleging discriminatory treatment as follows:
 "First, the plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination[2].
 Second, if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant to `articulate some legitimate, nondiscriminatory reason for the employee's rejection'.
 Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons but were a pretext for discrimination." Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981). (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973)).
Therefore, "the defendant need not persuade the court that it was actually motivated by the proffered reasons. It is sufficient if the defendant's evidence raises a genuine issue of fact as to whether it discriminated against the plaintiff. To accomplish this, the defendant must clearly set forth, through the introduction of admissible evidence, the reasons for the plaintiff's rejection . . . If the defendant carries this burden of production, the presumption raised by the prima facie case is rebutted . . ." Texas Dept. of Community Affairs v. Burdine,
450 U.S. at 254-55. In sum, "the ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff."Id. at 253; Board of Trustees of Keene State College v.Sweeney, 439 U.S. 24, 25 (1978).
Although the plaintiff, George Applebaum, was able to prove the elements of a prima facie case of discrimination, the Commission found that the defendant, Bruin Plastics Co., Inc., was able to rebut this by articulating a legitimate, nondiscriminatory reason for its action. Once the defendant offered a reason for its action, the burden once again shifted to the plaintiff to show that the defendant's reason for its action was "a pretext for discrimination". See, Texas Dept. ofCommunity Affairs v. Burdine (citing McDonnell Douglas Corp. v.Green) supra. The plaintiff may do this by showing such reason given was not credible or that a discriminatory reason more likely motivated the defendant. Despite the above evidence offered by the plaintiff to support his contention, the Commission found the reasons given by the defendant were credible and not motivated by discrimination.
After reviewing the record, it is the opinion of this Court that the Commission correctly concluded that there was insufficient evidence that the defendant's advanced reason for its termination of the plaintiff was a pretext for discrimination. This Court therefore concludes that the decision and order of the Commission was appropriate in view of the reliable, probative and substantial evidence on the whole record. The Commission's decision is hereby affirmed.
[1] Plaintiff was sixty (60) years of age when he was hired.
[2] The elements of a "prima facie case" that a plaintiff must prove are:
"1) That he is within the protected age group, that is 40 to 70 years;
2) That he was demoted or discharged.
3) That he was replaced by a younger person or persons outside the protected age group; and
4) That he was qualified to do the job."
Loeb v. Textron, Inc., 600 F.2d 1003, 1009 (1st Cir. 1979)