DECISION
Before the court is an appeal from a decision of the New Shoreham Platting Board of Review (the Platting Board) that denied Donald and Joan Schmidt's (plaintiffs') appeal of the New Shoreham Planning Board's (the Planning Board's) approval of a cluster development on abutting property in Block Island. Jurisdiction is pursuant to G.L. 1956 (1991 Reenactment) §45-24-69.
Timeliness of Plaintiffs' Appeal
Plaintiffs raise four issues on appeal. What must first be addressed, however, is whether plaintiffs' appeal was timely. The Planning Board approved William B. and Harriet P. Phelan's (the developers') cluster development February 8, 1988, and sent the developers a decision letter dated March 3, 1988. Plaintiffs sent a notice of appeal to the Planning Board of Review. Counsel for plaintiffs certified that this notice of appeal was mailed March 3, 1988; however, it is file stamped March 14, 1988. The Zoning Board, sitting as the Platting Board, denied plaintiffs' appeal at its September 26, 1988 meeting, and sent a decision letter dated October 3, 1988. Plaintiffs filed their complaint appealing the decision of the Platting Board in the Washington County Superior Court October 19, 1988.
General Laws § 45-23-16 (1988 Reenactment), which governs plaintiffs' appeal of the Planning Board's decision to the Platting Board, provides that "Appeals to the board of review may also be taken by any aggrieved person . . . who appeared before the plan commission in opposition to the application by filing a statement of appeal within ten (10) days after the final action of the plan commission thereon." The language of this section is unambiguous and expresses a clear meaning. It requires an aggrieved party to file a statement of appeal within ten days after the final action of the Planning Board. The ten day time period for filing a statement of appeal is mandatory for jurisdiction. See Mauricio v. Zoning Board of Review of theCity of Pawtucket, 590 A.2d 879, 880 (R.I. 1991).
In the case before the court, the final action of the Planning Board was the decision letter dated March 3, 1988. Although plaintiffs mailed their notice of appeal this same day — on March 3, 1988 — the notice was not file stamped until March 14, 1988, more than ten days after the Board's final action. Merely mailing the notice of appeal within the ten days does not constitute a timely filing. See Mauricio, 590 A.2d at 880 (holding that twenty day filing requirement for appeal from zoning board to superior court is not met by a mailing or notice to opposing counsel). Likewise, in calculating the ten days for a notice of appeal from the Planning Board to the Platting Board, plaintiffs cannot rely on the Superior Court Rules of Civil Procedure because administrative appeals are not considered civil actions as contemplated by Rule 6. Blackstone Park ImprovementAssoc. v. State Board of Standards and Appeals, 448 A.2d 1233, 1241 (R.I. 1982); Notre Dame Cemetery v. Labor RelationsBoard, 118 R.I. 336, 339, 373 A.2d 1194, 1196 (1977). Thus, under § 45-23-16 plaintiffs' appeal was untimely, so the Platting Board lacked jurisdiction to hear plaintiffs' appeal.
Accordingly, plaintiffs' appeal must be and is dismissed because of the lack of requisite jurisdiction of the Platting Board. Counsel shall prepare an appropriate order for entry.