Antonio J. CRAVEIRO

v.

The EMPLOYEES' RETIREMENT SYSTEM OF the STATE of Rhode Island, and Joanne Flaminio, in her capacity as Executive Director of the Employees' Retirement System, and Nancy J. Mayer, in her capacity as Chairperson of the Employees' Retirement System.

No. 96–446–Appeal.

Supreme Court of Rhode Island.

Feb. 26, 1998.

John D. Lynch, Warwick, Antonio J. Craveiro.

David D. Barricelli.

## ORDER

This case came before a hearing panel of this court for oral argument February 17, 1998, pursuant to an order that had directed the plaintiff to appear in order to show cause why the issues raised in this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time.

The plaintiff, Antonio J. Craveiro, has appealed from the entry of a judgment of the Superior Court which sustained a decision of the Employees' Retirement System denying plaintiffs application for an accidental disability pension. The plaintiff claimed that he injured his wrist and hand while working as a tailor for the State Police Department. Following the denial of plaintiffs application a series of internal appellate administrative procedures ensued ending with the denial of the application by the State Retirement Board on the ground that plaintiff had not established that his disability was due to an accidental injury.

Although determinations by the Retirement System are specifically excluded from the Administrative Procedures Act by G.L. 1956 § 42–35–18(b)(18), plaintiff filed a complaint in the Superior Court pursuant to the Administrative Procedures Act. A justice of the Superior Court after hearing the case purportedly in accordance with § 42–35–15, affirmed the decision of the Retirement Board. Thereafter, plaintiff filed an appeal from that decision to this court.

Assuming without deciding that the Superior Court had jurisdiction to decide this case under § 42–35–15, plaintiff could seek review in this court only by a petition for certiorari. *Notre Dame Cemetery v. Rhode Island State Labor Relations Board,* 118 R.I. 336, 338, 373 A.2d 1194 (1977); *Rebello v. Registry of Motor Vehicles,* 104 R.I. 518, 519, 247 A.2d 311, 312 (1968). Subsequent to a prebriefing conference in respect to this appeal, plaintiff filed a petition for writ of certiorari as well as a motion seeking that this court consider this appeal as a petition for writ of certiorari. This court denied both the petition and the motion. In light of the procedural history of this case, this appeal is not properly before us and must be dismissed.

Consequently, the plaintiffs appeal is denied and dismissed. The judgment of the Superior Court is pro forma sustained.

BOURCIER and GOLDBERG, JJ., did not participate.