DECISION
This matter is before the Court on the appeal of Donald B. MacDougall, Jr. ("Appellant") from a decision of the Town of Charlestown Zoning Board of Review ("Board"). The Board's decision, filed July 3, 2007, denied Appellant's request for a dimensional variance. Appellant filed a timely appeal to this Court on July 20, 2007. Jurisdiction is pursuant to G.L. 1956 § 45-24-69.
 Facts and Travel
Appellant owns real property located at 69 West Niantic Street in Charlestown, Rhode Island, and further designated as Assessor's Map 2, Lot 185 (the "property"). The property is a substandard lot of record located in an R2A zone and contains a single-family dwelling that Appellant renovated and expanded in 2004. The 2004 renovations required certain dimensional variances to allow the renovated structure to encroach upon rear and side setbacks. Appellant applied for and received all of the necessary dimensional relief.
As part of the renovations to the house, the Rhode Island Department of Environmental Management ("DEM") required Appellant to replace the preexisting cesspool with an Advantax Individual Sewage Disposal System ("ISDS"). The Advantax system utilizes a bottomless sand *Page 2 
filter that rises six inches above the surrounding ground level and measures approximately thirty-six feet in length and seven feet in width. Because of the small size of the property, DEM required the bottomless sand filter to be installed directly behind a deck attached to the rear of the house. The bottomless sand filter utilizes numerous plastic pipes, which are then covered by a field of gravel that is framed by wooden timbers. According to Appellant, these pipes are extremely delicate and can be damaged by the force of a person or animal walking across the gravel field.
Appellant filed an application with the Board on July 17, 2004, requesting permission to install a "removable wooden cover" over the bottomless sand filter. The Board determined that the proposed cover would be located three feet away from the property line, necessitating a dimensional variance from the applicable rear yard setback requirement contained within the Charlestown Zoning Ordinance (the "Ordinance"). The Board held a hearing to consider Appellant's application on July 28, 2004.
Appellant testified on his own behalf before the Board. Appellant stated that he installed the ISDS at a cost of $30,000 and wished to cover the gravel field in order to protect his investment from being damaged by foot traffic. The proposed cover would be thirty-six feet in length, and ten feet in width. According to Appellant, the structure must be ten feet wide — compared to the seven foot width of the septic field — in order to accommodate the required footings. Appellant told the Board that the proposed structure is designed to be removable in order to allow maintenance of the ISDS, and he agreed that the structure could be characterized as either a deck or a cover. In response to the Board's questioning, Appellant stated that he could not cover the gravel field with shrubs or other vegetation because the roots would eventually penetrate the gravel and destroy the delicate pipes below. *Page 3 
Throughout Appellant's testimony, Board members repeatedly expressed concern that the deck would constitute a "habitable" structure on which Appellant could place a table and chairs. The Board also questioned Appellant's need to cover the entire septic field rather than install a much smaller walkway that would only permit access to the yard. Finally, the Board expressed skepticism over Appellant's assertions that the weight of individuals walking across the gravel field could damage the pipes below, and appeared unsatisfied that Appellant was not able to provide them with a specific weight which, when exceeded, would damage the ISDS.
One other witness appeared to express general support of Appellant's application; no objectors were present, nor did the Board hear any testimony in opposition to the application. At the conclusion of the hearing, the Board voted to deny Appellant's application by a three-to-two vote. The Board filed its written decision on August 16, 2004, and Appellant appealed the Board's decision to this Court on September 8, 2004. That case is docketed as C.A. No. WC 2004-0564, and has remained dormant while Appellant pursued other remedies, including filing additional applications for dimensional relief.[1]
Appellant filed a second application for the same dimensional relief in 2005, more than one year after the Board's denial of his original application in 2004. See Ordinance § 218-18 (providing that the Board "shall not consider another application for the same request for a period of one year). However, Appellant withdrew his 2005 application after the Town Solicitor informed Appellant that he would attempt to have the application barred based on the doctrine of administrative finality. Appellant filed a third application in 2007. Appellant's 2007 request differed in that the proposed structure is located lower than the original deck, creating an *Page 4 
additional step down to the yard. The application was otherwise substantially similar as Appellant proposed a removable cover that is thirty-six feet in length and ten feet in width.
The Board held a hearing on Appellant's new application for relief on June 22, 2007. In addition to taking new testimony and evidence, the Board incorporated the entire record of its prior hearing on July 17, 2004. The Board again denied Appellant's application in a decision dated June 22, 2007, and filed July 3, 2007. This timely appeal of that decision followed.[2]
 Standard of Review
Rhode Island General Laws 1956 § 45-24-69 provides this Court with the specific authority to review decisions of town zoning boards. Under § 45-24-69(d), this Court has the power to affirm, reverse or remand a zoning board decision. In conducting its review, "[t]he court shall not substitute its judgment for that of the zoning board . . . as to the weight of the evidence on questions of fact." Section § 45-24-69(d). This Court may reverse or modify the zoning board's decision "if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions, or decisions which are: *Page 5 
 (1) In violation of constitutional, statutory, or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. Id.
Judicial review of administrative action is "essentially an appellate proceeding." Notre Dame Cemetery v. Rhode Island State Labor RelationsBoard, 118 R.I. 336, 339, 373 A.2d 1194, 1196 (1977); see also Mauriciov. Zoning Board of Review of the City of Pawtucket, 590 A.2d 879, 880
(R.I. 1991). When a question of statutory interpretation is presented, an appellate court conducts its review of that issue de novo.Tanner v. Town Council, 880 A.2d 784, 791 (R.I. 2005).
As to this Court's review of a zoning board's factual findings, "in reviewing a decision of a zoning board of review, the trial justice `must examine the whole record to determine whether the findings of the zoning board were supported by substantial evidence.'" Caswell v. GeorgeSherman Sand Gravel Co., 424 A.2d 646, 647 (R.I. 1981) (quoting Tooheyv. Kilday, 415 A.2d 732, 735 (R.I. 1980)) (other quotations omitted) (emphasis added). Substantial evidence is relevant evidence that a reasonable person would accept as adequate to support the board's conclusion and amounts to "more than a scintilla but less than a preponderance." Id. In short, a reviewing court may not substitute its judgment for that of the board's if it "can conscientiously find that the board's decision was supported by substantial evidence in the whole record." Mill Realty Assocs. v. Crowe, 841 A.2d 668, 672 (R.I. 2004) (quoting Apostolou v. Genovesi, 120 R.I. 501, 509, 388 A.2d 821, 825
(1978)). *Page 6 
 Analysis
Ordinance § 218-3 states that "[n]o land shall be used and no building, structure or sign shall be erected . . . unless it conforms to applicable sections of this Ordinance." The Ordinance defines a structure broadly as a "combination of materials to form a construction for use, occupancy, or ornamentation, whether installed on, above, or below the surface of land or water." Ordinance § 218-5. Clearly, Appellant's proposed deck falls within this definition of a structure and therefore must comply with all applicable Ordinance provisions, including rear yard setbacks. However, it is clear that the proposed structure can not be built to comply with the Ordinance's setback requirements. Therefore, the Court finds that Appellant was required to seek dimensional relief from the Board.[3]
The requirements for dimensional relief are found in Ordinance § 218-26. That section provides, in pertinent part, that
 [i]n granting a variance, the Board shall require that evidence to the satisfaction of the following standards be entered into the record of the proceedings;
 That the hardship from which the applicant seeks relief is due to the unique characteristics of the subject land or structure and not to the general characteristics of the surrounding area; and is not due to a physical or economic disability of the applicant;
 That said hardship is not the result of any prior action of the applicant or owners and does not result primarily from the desire of the applicant to realize greater financial gain;
 That the granting of the requested variance will not alter the general character of the surrounding area or impair the intent or purpose of this Ordinance; and *Page 7 
 (4) That the relief to be granted is the least relief necessary and not contrary to the public interest and welfare. Ordinance § 218-26(B).
The Ordinance further requires the Board to have before it evidence that
 [i]n granting a dimensional variance, that the hardship that will be suffered by the owner of the subject property if the dimensional variance is not granted shall amount to more than a mere inconvenience. That a use may be more profitable or that a structure may be more valuable after the relief is granted shall not be grounds for relief. Ordinance § 218-26(C)(2).
In the instant case, the hardship Appellant complains of is his inability to construct a protective deck or a cover over his ISDS in compliance with the Ordinance's dimensional requirements. Appellant is unable to meet the Ordinance's setback requirements because of the small physical size of the property, rather than from a general characteristic of the surrounding area. A review of the entire record reveals that there is no evidence that the hardship results from a physical or economic disability of Appellant. Therefore, the Court finds that the hardship is due to the unique characteristics of Appellant's substandard lot of record rather than from the general characteristics of the surrounding area. Accordingly, the Court finds that Appellant introduced substantial evidence to satisfy Ordinance § 218-26(B)(1).
Appellant also testified that the hardship was created as a result of DEM's requirement that Appellant place the ISDS behind the preexisting deck on the property. He also stated that the purpose of the proposed deck or cover was to protect his investment in the ISDS, rather than confer an economic benefit upon him. Given the foregoing, the Court finds that DEM, not Appellant, created the hardship complained of, and that the hardship does not result primarily from a desire on the part of Appellant for greater financial gain. Therefore, the Court finds that Appellant introduced substantial evidence to satisfy Ordinance § 218-26(B)(2). *Page 8 
Turning to the third requirement, the evidence before the Board showed that the ISDS had already been constructed at the time of Appellant's first application. Moreover, Appellant's proposal simply envisioned extending the already existing deck over the gravel field located directly behind it. Plans and photographs submitted to the Board depicted the existing deck and gravel field, as well as detailed the proposed deck extension over the ISDS. After examining the record in its entirety, the Court finds that construction of the proposed deck constitutes only a minimal change to the property. As such, the Court also finds that Appellant introduced substantial evidence to satisfy § 218-26(B)(3).
The final prong of Ordiance § 218-26(B) requires Appellant to demonstrate that he has sought the least relief necessary to alleviate the hardship and that such relief would not be contrary to the public interest and welfare. Appellant testified that the deck must be thirty-six feet in length in order to protect the full length of the bottomless sand filter. While the proposed deck is ten feet wide, compared to the seven foot width of the filter, Appellant stated that the ten foot width is necessary in order to incorporate the deck's required landings. The evidence also showed that the entire area of the bottomless sand filter encroaches on the Ordinance's setback requirements. Therefore, it is impossible for Appellant to construct even a smaller walkway — as suggested by the Board — without obtaining dimensional relief. There was also no evidence that construction of the deck extension would have any impact at all on the surrounding properties. After examining the entire record, the Court finds that Appellant introduced substantial evidence to satisfy § 218-26(B)(4).
Finally, Appellant must show that denial of his application will result in his suffering more than a mere inconvenience. Ordinance § 218-26(C)(2). Appellant testified that the plastic pipes utilized in the bottomless sand filter are easily damaged in the event someone were to walk *Page 9 
across the gravel field. He also stated that the gravel field can not be covered with vegetation because the roots will eventually destroy the pipes below the gravel. The record before the Board makes it clear that Appellant effectively loses the use of a thirty-six foot by seven foot strip of his rear yard if he is not allowed to build a deck over it. The Court finds that use of such a large section of Appellant's rear yard amounts to more than a mere inconvenience. It follows — and the Court finds — that Appellant introduced substantial evidence to satisfy Ordinance § 218-26(D).
The Court is satisfied that Appellant introduced substantial evidence before the Board showing that he had satisfied all of the conditions for a dimensional variance contained within Ordinance § 218-26. It is also clear from the record that the Board did not hear testimony from any objecting neighbors. After reviewing the entire record, the Court finds that there was no evidence to support the Board's denial of the application.
Given all of the foregoing, the Court can only conclude that the Board ignored the substantial evidence adduced before it. The Board's decision denying Appellant's application was not based on substantial evidence, rendering its findings clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record. Because Appellant introduced substantial evidence in favor of his application, the Court finds that the Board abused its discretion when it denied Appellant's application for dimensional relief. See Salve Regina Collegev. Zoning Board of Review of Newport, 594 A.2d 878 (R.I. 1991).[4] *Page 10 
 Conclusion
This Court finds that the Board's decision was not supported by substantial evidence, was in excess of statutory authority, and constituted an abuse of discretion. This Court further finds that the Board's decision was clearly erroneous in light of the reliable, probative and substantial evidence contained in the entire record showing that the proposed structure satisfied all of the Ordinance requirements for the granting of dimensional relief. Substantial rights of the Appellant have been prejudiced.
For all of the foregoing reasons, the decision of the Board filed July 3, 2007, denying Appellant's application for dimensional relief is reversed. This matter is hereby remanded to the Board to grant the application considered at its hearing on June 22, 2007. Appellant's appeal of the Board's decision dated August 16, 2004, is hereby dismissed as untimely filed under G.L. 1956 § 45-24-69(a).
Counsel for Appellant shall submit an appropriate order for entry on or before March 19, 2008.
[1] Rhode Island General Laws Section 45-24-69(a) requires a party aggrieved by a decision of a zoning board of review to file an appeal with this Court within twenty days after the decision has been recorded and posted in the office of the town clerk. Here, the appeal docketed as C.A. No. WC 2004-0564 is clearly untimely as it was filed on the twenty-third day following the date on which the Board's decision had been filed.
[2] The Court first notes that it is well-settled that "a zoning board of review is required to make findings of fact and conclusions of law in support of its decisions in order that such actions may be susceptible of judicial review." Cranston Print Works Co. v. City of Cranston,684 A.2d 689, 691 (R.I. 1996) (quoting Thorpe v. Zoning Board of Review ofNorth Kingstown, 492 A.2d 1236-37 (R.I. 1985)). In reviewing a decision of the board, this Court "must decide whether the board members resolved the evidentiary conflicts, made the prerequisite factual determinations, and applied the proper legal principles." Bernuth v. Zoning Board ofReview of the Town of New Shoreham, 770 A.2d 396, 401 (R.I. 2001) (quoting Irish Partnership v. Rommell, 518 A.2d. 356, 358-59 (R.I. 1986)). Further, such findings "must, of course, be factual rather than conclusional, and the application of the legal principles must be something more than the recital of a litany." Id. "These are minimal requirements. Unless they are satisfied, a judicial review of a board's work is impossible." Id.
A review of the record of this case shows that neither of the Board's written decisions contained enumerated findings of fact or conclusions of law. Rather, the written decisions consist of the verbatim transcripts of the voting Board members' votes as well as each member's reasoning behind his or her vote. Although the Board members' individual statements address some of the requirements of the Ordinance, the members' impressions and opinions are not distilled down into findings of fact and conclusions of law. As such, the Court finds that the Board wholly failed to make the required findings of fact and conclusions of law. However, because the Board had two previous opportunities to discharge its statutory duties — and each time failed to craft an adequate written decision — the Court declines to remand this case to the Board to make proper findings of fact and conclusions of law. Instead, the Court shall conduct its own review of the record to determine the substantiality of the evidence adduced before the Board.
[3] Appellant has argued that he was not required to seek any relief because the existing ISDS constitutes a structure under the Ordinance. Appellant asserts that adding a cover onto a preexisting structure does not require dimensional relief, even in this case where the ISDS encroaches on the Ordinance's setback requirements. Even assuming,arguendo, that the definition of a structure encompasses Appellant's ISDS, Appellant's argument is unconvincing. There can be no question that Appellant's proposed cover also constitutes a structure within the meaning of the term. As the proposed cover is to be entirely separate from the ISDS, it is clear that the cover must also comply with all the provisions of the Ordinance, including those establishing setback limitations.
[4] The Court has considered Appellant's argument — which the Board appears to agree with — that dimensional relief was not required because the property has merged with the abutting property, designated as Lot 186, and found it to be without merit. While it is uncontested that Appellant owns both the property and Lot 186, the Zoning Enabling Act only countenances the "merger of contiguous unimproved, or improved and unimproved, substandard lots of record in the same ownership. . ." § 45-24-38. Thus, an Ordinance provision cannot be interpreted so as to allow the merger of two contiguous, improved lots under the same ownership: application of the merger doctrine in such a circumstance would be in excess of the explicit statutory authority granted by the Zoning Enabling Act. The Court takes judicial notice of the fact that both the property and Lot 186 have been improved. The Court therefore finds that the property has not merged with Lot 186.