DECISION
Appellants Kenneth Panciera and Joan Panciera ("Appellants") bring this appeal from a decision of the Zoning Board of Review of the Town of Hopkinton ("the Board"). The challenged decision conditionally granted a special use permit to Ashaway Pines, LLC ("Ashaway"), allowing Ashaway to establish a recreational campground on its property. Appellants are aggrieved abutters. Jurisdiction is pursuant to G.L. 1956 § 45-24-69.
 I Facts
Appellants own certain real property located in the Town of Hopkinton, Rhode Island, described as Lot 117 on Tax Assessor's Plat 3. Ashaway owns abutting real property in the Town of Hopkinton, Rhode Island, described as Lots 7 and 7C on Tax Assessor's Plat 3.
In 2005, Ashaway applied to the Board for a special use permit in order to establish a recreational campground on Ashaway's aforementioned property. Ashaway then went through site plan review before the Planning Board. In 2007, Ashaway received approval from the Planning Board, and scheduled a hearing before the Hopkinton Zoning Board on its application for a special use permit. *Page 2 
On December 9, 2007, before the scheduled hearing on Ashaway's application, Appellants filed an action in Washington County Superior Court (WC-2007-0836) asserting multiple claims against Ashaway. Among these claims were requests for orders (1) restraining Ashaway from proceeding with its plans for a campground and (2) quieting title to a certain laneway which both Appellants and Ashaway claimed as their own. On December 19, 2007, the Court granted a temporary restraining order barring Ashaway from proceeding on its special use permit application or modifying the laneway. On February 8, 2008, after viewing the disputed property, the Court denied the Appellants' request for a preliminary injunction. At that point, proceedings before the Board resumed.
From March 2008 through May 2008, the Board conducted a series of hearings on the application. Despite the voluminous record produced before the Board, the only part of these hearings that is relevant to the present action is a statement made by counsel for Appellants during the May 15, 2008 hearing before the Board (at Tr. pp. 114-15):
 For purposes of this hearing I want to place on the record that there is a dispute as to the ownership of the entrance to that campground. There is a complaint that is pending in the Washington County Superior Court. That is not part of your deliberation, I'm not suggesting that you take it into consideration. I have put it on the record to protect my clients, because at some point this is going to be heard at Superior Court and they're going to say, "you never raised it before the zoning board." It is raised, I'm moving on.
On June 12, 2008, the Board issued a decision conditionally approving Ashaway's requested special use permit. The decision was recorded in the Hopkinton land evidence records on July 22, 2008, and Appellants timely filed this appeal in August 2008.
With regard to Appellants' separate action against Ashaway, on April 29, 2009, this Court issued a decision granting partial summary judgment to Ashaway and rejecting Appellants' claims. The Court specifically held that Ashaway owns the disputed laneway, but *Page 3 
that the precise bounds of the laneway remain to be fixed. The present decision concerns only Appellants' zoning appeal.
 II Standard of Review
Section 45-24-69 provides this Court with the specific authority to review decisions of town zoning boards. Under § 45-24-69(d), this Court has the power to affirm, reverse or remand a zoning board decision. In conducting its review, "[t]he court shall not substitute its judgment for that of the zoning board . . . as to the weight of the evidence on questions of fact." Section 45-24-69(d). This Court may reverse or modify the zoning board's decision "if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions, or decisions which are:
 (1) In violation of constitutional, statutory, or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. Id.
Judicial review of administrative action is "essentially an appellate proceeding." Notre Dame Cemetery v. Rhode Island State LaborRelations Board, 118 R.I. 336, 339, 373 A.2d 1194, 1196 (1977);see also Mauricio v. Zoning Board of Review of the City ofPawtucket, 590 A.2d 879, 880 (R.I. 1991). When a question of statutory interpretation is presented, an appellate court conducts ade novo review of that issue. Tanner v. Town Council,880 A.2d 784, 791 (R.I. 2005). Overall, a zoning board's decision may be vacated if it is clearly erroneous in view of the reliable, probative and substantial evidence contained in the whole record. Von Bernuthv. Zoning Bd. Of Review of Town of North Shoreham, 770 A.2d 396, 399
(R.I. 2001). *Page 4 
 III Analysis
Appellants contend that this Court must vacate the Board's decision because, they argue, the dispute over title to the laneway deprived the Board of jurisdiction over Ashaway's petition. The Board responds with a threefold argument. First, the Board argues that the Board has jurisdiction notwithstanding the disputed ownership of the laneway. Next, the Board argues that Appellants' argument is moot because this Court has determined that Ashaway in fact does own the laneway. Third, the Board argues that Appellants waived their right to contest the Board's jurisdiction by failing to raise the issue of jurisdiction before the Board and by expressly suggesting that the Board should not consider the dispute over title to the laneway. This Court now holds that Appellants waived their right to challenge the Board's jurisdiction and, therefore, that their appeal is without merit.[1]
On the issue of waiver, it is broadly recognized that "orderly procedure and good administration require that objections to the proceedings of an administrative agency be made while it has opportunity for correction in order to raise issues reviewable by the courts."United States v. L.A. Tucker Truck Lines, Inc., 344 U.S. 33, 37
(1952). Therefore, issues not raised before an administrative agency will be deemed waived on appeal. See id. Although the Rhode Island Supreme Court "has not explicitly held that the raise-or-waive doctrine applies to administrative proceedings," East Bay CommunityDevelopment Corp. v. Zoning Bd. of Review of Town of Barrington,901 A.2d 1136, 1153 (R.I. 2006), the Supreme Court has broadly *Page 5 
provided that "an issue that has not been raised and articulated previously at trial is not properly preserved for appellate review."Delbonis Sand Gravel Co. v. Town of Richmond, 909 A.2d 922, 925
(R.I. 2006) (quoting State v. Snell, 892 A.2d 108, 123 (R.I. 2006)). Moreover, the Supreme Court has specifically declined to address the jurisdiction of an administrative agency where the issue of jurisdiction was not raised before the agency itself. See WestReservoir, LLC v. Town of Smithfield Zoning Bd. of Rev.,884 A.2d 977, 980 n. 4 (R.I. 2005) (declining to address the jurisdiction of the State Housing Appeals Board).
Here, this Court declines to address the issue of the Board's jurisdiction over Ashaway's petition because Appellants failed to properly preserve that issue for review. See West Reservoir,884 A.2d at 980 n. 4. Appellants argue that the issue was preserved when their counsel placed on the record that there was a dispute over the laneway. Appellants so argue despite the facts that (1) counsel never suggested that this dispute might deprive the Board of jurisdiction and (2) counsel explicitly suggested that the Board should not actually consider this dispute in rendering its decision. Indeed, not once in the full series of five hearings did Appellants ever object to the Board's exercise of authority. "Simple fairness to those who are engaged in the tasks of administration, and to litigants, requires as a general rule that courts should not topple over administrative decisions unless the administrative body not only has erred but has erred against objection made at the time appropriate under its practice." L.A. Tucker TruckLines, Inc., 344 U.S. at 37. In the absence of any such objection and the absence of any semblance of an argument regarding jurisdiction raised before the Board, this Court holds that the issue of the Board's jurisdiction was not properly preserved for review. See id. Want of jurisdiction being Appellants' only argument on appeal, this Court upholds the Board's decision in its entirety. *Page 6 
 IV Conclusion
Because Appellants rest their appeal only on their assertion that the Board lacked jurisdiction over Ashaway's petition, and because Appellants failed to preserve that issue for review by properly raising it before the Board, this Court upholds the Board's decision in its entirety and denies the appeal.
Counsel for the Board shall submit an order in accordance with this decision within ten days.
[1] Although the Court's decision rests on the Board's waiver argument, the Court notes that the Board appears to have had jurisdiction over Ashaway's petition. On the issue of jurisdiction, both parties direct the Court's attention to the case of Baril v. ZoningBd. of Rev. of the City of Woonsocket, 97 R.I. 212,196 A.2d 834 (1964). That case does not address jurisdiction at all, but merely suggests that it is "improvident" for a zoning board to grant relief notwithstanding voluminous testimony of a dispute regarding title to the property at issue before the board. See id. at 213,196 A.2d at 834. Here, not only was there no testimony regarding the dispute over the laneway, but counsel for Appellants specifically directed that the Board should not consider the dispute in rendering a decision. (See Tr. May 15, 2008 pp. 114-15.) Accordingly,Baril neither stands for the proposition claimed by Appellants nor would it apply to these facts if it did. See Baril,97 R.I. at 213, 196 A.2d at 834.